IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Brandi Campbell, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) No. 20-cv-5321 |
| | ) |
| | ) |
| Marshall International, LLC and | ) |
| Pera M. Odishoo, | ) |
| | ) |
| Defendants. | ) |

Order

Plaintiff Brandi Campbell filed this action in September 2020 alleging that defendants, an adult-entertainment venue and its owner, violated the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act by misclassifying their exotic dancers as independent contractors and by failing to pay them a minimum wage. In light of an arbitration provision in Ms. Campbell's independent-contractor agreement, however, defendants requested that Ms. Campbell voluntarily dismiss the case without prejudice in favor of arbitration. ECF No. 10-1 at 5. Ms. Campbell did so in October 2020, but only after receiving confirmation from defendants that using the American Arbitration Association ("AAA") to administer the arbitration would be "acceptable" to them. ECF No. 8; ECF No.

10-1 at 2-3. Ms. Campbell then promptly filed a demand for arbitration with the AAA. ECF No. 10-1 at 7.

To proceed with the arbitration, the AAA required defendants to pay a fee of $1,900 by December 15, 2020 (whereas Ms. Campbell had been required to pay only $300). *Id.* at 10. Defendants objected to the fee on the grounds that the arbitration provision at issue required the costs of arbitration to be "borne equally" by the parties, and also asserted that the parties had not yet agreed on whether "AAA is the appropriate arbitrator for these disputes." *Id.* at 15. On December 2, 2020, despite the objection, the AAA sent an email explaining that it needed the $1,900 to proceed, but offered that any disputes regarding fee allocation could be "brought to the arbitrator" once one had been selected. *Id*. at 13. The December 15 deadline came and went. The defendants, however, sent the requested fee to the AAA in two installment checks dated approximately one month after the deadline, January 12 and 26, 2021. *Id.* at 22, 25; ECF No. 14-4. Apparently failing to receive or log one of the two checks, the AAA administratively closed the file on February 9, 2021. ECF No. 10-1 at 18, 25. In its notice, the AAA said that because defendants had failed to comply with the AAA's rules, the AAA would "decline to administer any future employment matter" for defendants. *Id.* at 18. When defendants' counsel protested that they had already sent payment, the AAA allowed defendants several more weeks to provide proof of

prior payment (or send additional payment). *Id.* at 21-26. Receiving nothing further from defendants, however, the AAA confirmed that the case was closed on March 16, 2021. *Id.* at 21.

Ms. Campbell now moves to reopen her case in this court under Federal Rule of Civil Procedure 60(b), arguing that defendants' failure to timely pay the required administrative fee waived their rights to arbitration under the independent-contractor agreement [10]. For the reasons that follow, that motion is granted.

Rule 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding" for one of six enumerated reasons. Fed. R. Civ. P. 60(b)(1)-(6). Those reasons are:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

3

(6) any other reason that justifies relief.

*Id.* Relief under Rule 60(b) may properly be granted where, as here, "a plaintiff . . . has voluntarily dismissed the action." *Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011).

Ms. Campbell does not specify under which prong or prongs of Rule 60(b) she sought relief. However, subpart (1) is easily eliminated because Ms. Campbell does not allege mistake or inadvertence—rather, she contends that defendants "refused" to pay the arbitration fee to frustrate her efforts to arbitrate. *See* ECF No. 10 at 6. Nor does she argue that the judgment is void such that subpart (4) would be implicated. Subpart (2) also does not fit—defendants' failure to timely pay the arbitration fee months after the voluntary dismissal does not qualify as "newly discovered evidence" because for purposes of a Rule 60(b) motion, such evidence "must have been in existence at the time of the original judgment or pertain to facts in existence at the time of the judgment." *LAJIM, LLC v. Gen. Elec. Co.*, 917 F.3d 933, 950 (7th Cir. 2019). Similarly, subpart (3) requires that "the victim of the fraud or other misconduct . . . show . . . that it affected his ability to present his case," *Ty Inc. v. Softbelly's, Inc.*, 353 F.3d 528, 536 (7th Cir. 2003), and here, the only misconduct alleged succeeded voluntary dismissal of the case. Subpart (5) is also inapplicable—the judgment has not been released or discharged, is not based on an earlier judgment, and does not apply

4

prospectively. *See* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2863 (3d ed. 2021) (final ground of Rule 60(b)(5) applies only to judgments "that ha[ve] prospective effect"). Accordingly, by process of elimination, I analyze the question under Rule 60(b)(6), the rule's "catch-all" provision, which requires movants to "prove extraordinary circumstances for relief from judgment." *See Laude v. Azar*, No. 19-CV-783-JPS-JPS, 2021 WL 2439146, at *1 (E.D. Wis. June 15, 2021) (citing *Indus. Assoc., Inc. v. Goff Corp.*, 787 F.2d 268, 269 (7th Cir. 1986)) (finding that defendants waived right to arbitrate and reopening case under Rule 60(b), noting that analysis under subpart (6) was proper).

Ms. Campbell argues that relief from the voluntary dismissal is justified because defendants waived their right to arbitration. "A contractual right to arbitrate may be waived, either expressly or implicitly." *Grumhaus v. Comerica Secs., Inc.*, 223 F.3d 648, 650 (7th Cir. 2000). "No rigid rule exists as to what constitutes a waiver of the right to arbitrate. Instead, the issue depends on the circumstances of each particular case. . . . The essential question is whether, based on the circumstances, the alleged defaulting party has acted inconsistently with the right to arbitrate." *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co.*, 969 F.2d 585, 587-88 (7th Cir. 1992). "While several factors are considered in the waiver analysis, diligence

or the lack thereof should weigh heavily in the decision." *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011). In addition, "a showing of prejudice . . . is a relevant factor in the totality-of-the-circumstances analysis." *Id.*

I conclude that defendants have waived their right to arbitrate. Defendants failed to timely pay the fee required by the AAA. Further, although they were given weeks to do so, they never provided the AAA with evidence that payment was eventually (though tardily) sent. *See* ECF No. 10-1 at 22. And despite the fact that defendants' counsel told plaintiff's counsel it was "acceptable" for Ms. Campbell to file her demand for arbitration with the AAA, defendants tried to argue that they had not agreed to proceed with the AAA as soon as fees became due. *Id.* at 15. Defendants' actions suggest, at worst, an intention to frustrate Ms. Campbell's attempts to arbitrate, and at best, a lack of diligence. This lack of diligence "weigh[s] heavily in [my] decision" to find waiver here, which is consistent with similar decisions in other jurisdictions. *See, e.g., Stanley v. A Better Way Wholesale Autos, Inc.*, No. 3:17-cv-01215-MPS, 2018 WL 3872156, at *7 (D. Conn. Aug. 15, 2018) (finding waiver of arbitration where defendants failed to pay AAA fees or respond to AAA notices); *Spano v. V & J Nat'l Enters., LLC*, 264 F. Supp. 3d 440, 459 (W.D.N.Y. 2017) (same); *see also Brown v. Dillard's, Inc.*, 430 F.3d 1004,

6

1008-09, 1012 (9th Cir. 2005) (stating in dicta that court "would have no difficulty finding that [defendant] waived its right to arbitrate" where defendant "did not respond to . . . AAA letters, nor did it pay its share of the filing fee").

Ms. Campbell has been prejudiced by defendants' actions, which have delayed her attempts to reach the merits of her claims for months and caused her to incur legal fees, including those associated with filing the instant motion. *See Stanley*, 2018 WL 3872156, at *7; *Spano*, 264 F. Supp. 3d at 457; *Brown*, 430 F.3d at 1012-13. Because of the defendants' actions, Ms. Campbell also can no longer proceed before the AAA. *See* ECF No. 10-1 at 18. Although defendants argue that they could use another administrator, they have not even suggested what alternative administrator would be available or acceptable.

For the foregoing reasons, I hold that Ms. Campbell is entitled to relief under Rule 60(b). The motion is granted.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: July 23, 2021