IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Brandi Campbell, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | No. 20 C 5321 |
| Marshall International, LLC d/b/a Gold Club Chicago a/k/a the Gold Room; and Pera M. Odishoo, | ) ) ) ) ) ) | |
| Defendants. | ) | |

Order

This is a suit brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and state law. I previously granted in part plaintiff's motion to conditionally certify a class of exotic dancers for the federal claim, *see Campbell v. Marshall Int'l, LLC*, No. 20 C 5321, 2022 WL 3684571 (N.D. Ill. Aug. 25, 2022), but found that three dancers--Cynthia Bohannon, Jennifer Garcia, and Hannah Elliott--could not receive notice of or opt into the action because defendants had shown that they are bound by arbitration agreements, *id.* at *4-5. Defendants now ask that I reconsider that order because they have located additional

arbitration agreements that should preclude other dancers from joining this action.

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Patrick v. City of Chicago*, 103 F. Supp. 3d 907, 911-12 (N.D. Ill. 2015) (citation and quotation marks omitted). Defendants claim that the arbitration agreements it now offers constitute newly discovered evidence. That means they "must show not only that this evidence was newly discovered or unknown to [them], but also that [they] could not with reasonable diligence have discovered and produced such evidence during the pendency of the motion." *In re Sulfuric Acid Antitrust Litig.*, 446 F. Supp. 2d 910, 921 (N.D. Ill. 2006) (citing *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)).

As required under *Bigger v. Facebook, Inc.*, 947 F.3d 1043 (7th Cir. 2020), defendants were given an opportunity prior to conditional certification to produce evidence that certain dancers were barred from receiving notice of this collective action by virtue of having signed arbitration agreements. Even though defendants at the time had custody and control over the agreements they now present, they claim that the process of compiling the agreements was complicated by the number of agreements and the fact that they were stored off-site. I am unpersuaded that defendants could not with reasonable diligence have offered this

2

evidence in the nearly two months between when I ordered them to on December 8, 2021, and the February 2, 2022 deadline. At any rate, if they needed more time, they could have requested an extension during that period.

For the sake of clarity as this litigation proceeds, one more thing warrants mention. Defendants suggest in their motion that I found the arbitration agreement signed by the three excluded dancers to be "valid," and that any dancer who signed this version of the agreement should not be allowed to join the action. Although it is true that I found the agreement enforceable as to those three dancers, by no means did I hold that agreement to be universally enforceable. Indeed, I noted that because the question of unconscionability can hinge on individual circumstances, other dancers who signed that version of the agreement could later offer their own evidence of unconscionability should defendants attempt to dismiss them from the action on the basis of the agreement. *Campbell*, 2022 WL 3684571, at *5 n.7. That remains true.

For the reasons above, defendants' motion is denied.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: January 9, 2023

3