IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Brandi Campbell, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) ) | |
| v. | ) ) ) | No. 20 C 5321 |
| Marshall International, LLC d/b/a Gold Club Chicago a/k/a the Gold Room, and Pera M. Odishoo, | ) ) ) ) ) ) | |
| Defendants. | ) | |

Memorandum Opinion and Order

Brandi Campbell worked as an exotic dancer for defendants Marshall International, LLC d/b/a Gold Club Chicago (the "Club") and former manager Pera M. Odishoo. She brought this suit on behalf of herself and other dancers for violation of various labor laws, including the federal Fair Labor Standards Act ("FLSA"). Defendants now move to compel arbitration as to certain dancers who have opted into the FLSA collective action.[1] Because defendants

_____

[1] Specifically, defendants target those dancers who signed a version of an arbitration agreement that I earlier found to be enforceable against three dancers. *See Campbell v. Marshall Int'l, LLC*, 623 F. Supp. 3d 927, 934 (N.D. Ill. 2022).

have waived their right to arbitrate against these dancers, the motion is denied.

Even if an otherwise valid agreement to arbitrate exists between parties, the right to invoke that agreement, like any other contractual right, may be waived. *Smith v. GC Servs. Ltd. Partnership*, 907 F.3d 495, 499 (7th Cir. 2018). A party waives the right if, "considering the totality of the circumstances, [it] acted inconsistently with the right to arbitrate." *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011) (citation omitted). In conducting this inquiry, "diligence or the lack thereof should weigh heavily," and other factors include whether the party "participated in litigation, substantially delayed its request for arbitration, or participated in discovery." *Id.* (first citing *Cabinetree of Wis. v. Kraftmaid Cabinetry*, 50 F.3d 388, 391 (7th Cir. 1995), then citing *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co.*, 969 F.2d 585, 589-91 (7th Cir. 1992)). A review of the litigation history is thus warranted.

After filing her suit on September 9, 2020, Campbell agreed to arbitrate. Defendants failed to comply with the American Arbitration Association's requirements, including payment of filing fees, so on July 23, 2021, I concluded they had waived their right to arbitrate as to Campbell and permitted her to reopen her federal case. *See* ECF 16. Defendants then moved to dismiss on

2

September 8, 2021, under Federal Rule of Civil Procedure 12(b)(3), arguing Campbell's case had to be submitted to arbitration. ECF 23. I denied that motion because I had already concluded defendants waived their right to arbitrate as to Campbell. ECF 38.

In the meantime, Campbell moved for conditional certification of her FLSA claims, ECF 17, a procedural move that if successful, allows a plaintiff bringing a FLSA collective action to notify would-be members of the action and give them the opportunity to "opt in," subject to a later reevaluation of whether the suit may proceed on a collective basis, *see Nicks v. Koch Meat Co.*, 265 F. Supp. 3d 841, 849 (N.D. Ill. 2017). Defendants objected to conditional certification on the ground that the dancers had all signed arbitration agreements, so they had to pursue any claims outside of court. ECF 26. Consistent with *Bigger v. Facebook, Inc.*, 947 F.3d 1043 (7th Cir. 2020), I gave defendants an opportunity to "establish[] by a preponderance of the evidence the existence of a valid arbitration agreement for each employee [they sought] to exclude from receiving notice." *Id.* at 1047; *see* ECF 38. In an August 1, 2022, opinion (later amended on August 25, 2022, to adjust the case schedule) I held that defendants failed to carry their burden except as to three dancers. ECF 46, 50. In that opinion, I conditionally certified a collective of individuals who worked as exotic dancers for defendants from August 12, 2018,

through the present.[2] The opt-in period ended on January 26, 2023, and by that time 99 dancers had opted in.

While the motion for conditional certification was fully briefed and awaiting ruling, defendants filed an answer to the complaint on May 25, 2022. ECF 44. They asserted 18 affirmative defenses, but none mentioned arbitration.

After granting conditional certification of the FLSA collective action, I set a fact discovery deadline of May 1, 2023. ECF 50. On February 10, September 5, and October 16, 2023, Campbell filed motions to compel the Club to respond to discovery requests. ECF 71, 117, 136. On June 2, 2023, defendants filed a motion to dismiss Odishoo under Rule 12(b)(6), ECF 81, which I later denied, ECF 106.

The fact discovery deadline was extended to June 15, 2023. ECF 77. On June 12, 2023, the parties jointly moved to extend the deadline. ECF 84. In that motion, the parties observed that the "legal and factual issues involved in the case are significant and time-consuming" and indicated that defendants had issued written

---

[2] Defendants later moved for reconsideration of this order, coming forward with additional evidence that other dancers had signed valid arbitration agreements. ECF 62. I denied the motion because the evidence was previously available to defendants and so not "newly discovered." ECF 69. I also clarified in that order, in response to a suggestion by defendants, that even if other dancers had signed the version of the arbitration agreement I found enforceable as to three dancers, those other dancers could join the collective action because defendants had not shown they signed the agreement when defendants were given the opportunity. *Id.*

discovery requests to the 99 opt-in plaintiffs and that defendants planned to depose some of those opt-in plaintiffs. *Id.* ¶ 6. The parties also requested a settlement conference before a magistrate judge. *Id.* ¶ 9. I granted the motion, extending the fact discovery deadline to July 15, 2023, and referring the case to Magistrate Judge Gilbert for a settlement conference. ECF 86. In a subsequent joint motion to extend the discovery deadline again, filed on July 14, 2023, the parties represented that defendants had taken depositions of Campbell and several opt-in plaintiffs and that defendants were continuing to produce written discovery. ECF 95. I granted the motion, extending the discovery deadline to September 15, 2023. ECF 98.

On July 24, 2023, defendants filed a motion to exclude Campbell as class representative, ECF 99, as well as a breach of contract counterclaim against Campbell and the opt-in dancers, ECF 101. Campbell moved to dismiss the counterclaim. ECF 108. I denied defendants' motion to exclude Campbell as class representative and granted Campbell's motion to dismiss defendants' counterclaim on October 13, 2023. ECF 134. Finally, after privately demanding arbitration to plaintiff's counsel on October 26, 2023, defendants moved to compel arbitration on November 20, 2023. ECF 146.

Against that backdrop, defendants argue that they have not waived their right to arbitrate against the opt-in plaintiffs because they have raised the issue at every turn. In support of

5

their argument, defendants refer to their efforts early in the litigation to return the case to arbitration after the initial attempt failed, first in their opposition to Campbell's motion to reopen the case, and second in their Rule 12(b)(3) motion to dismiss. But that conduct is not relevant here, since those attempts were aimed at Campbell, not the opt-in plaintiffs defendants target now. Defendants' waiver of their right to arbitrate as to Campbell has already been established.

It is true that defendants raised the issue of arbitrability as to the opt-in plaintiffs early, in response to Campbell's motion to conditionally certify a FLSA collective action. That distinguishes them at least in one respect from the defendants in *St. Mary's* and *Cabinetree*, who did not so much as mention arbitration for months before seeking to compel it. *See St. Mary's*, 969 F.2d at 589 (defendant "never even mention[ed] arbitration until after it lost its motion [to dismiss]"); *Cabinetree*, 50 F.3d at 389 (observing that defendant "dropped a bombshell into the proceedings" by bringing up arbitration nine months after lawsuit was initiated). But the posture in which defendants raised the issue here is important. In opposing conditional certification, defendants' aim was to prevent other dancers from receiving notice of the action and being allowed to opt in, not to force those

dancers into arbitration. At that point, the dancers were not yet part of this action.[3]

The critical timeframe therefore begins when the opt-in plaintiffs joined the action, which was at the close of the opt-in period on January 26, 2023. From that point, defendants actively participated in the litigation. For instance, they filed an answer devoid of any reference to arbitration. *See Smith*, 907 F.3d at 500 (finding it relevant that defendant "filed its answer, but made no mention of the arbitration agreement"). They also engaged extensively in discovery. And while some of that was responsive, which is less probative of waiver, *see Skyline Restoration, Inc. v. First Baptist Church*, No. 17 C 1234, 2017 WL 6570077, at *2 (N.D. Ill. Dec. 21, 2017), defendants also represented in motions to extend discovery deadlines that they were actively pursuing their own discovery, not just responding to Campbell's. That affirmative discovery included propounding written requests on the opt-in plaintiffs, as well as deposing some of them.

Furthermore, defendants filed a counterclaim against Campbell and the opt-in plaintiffs. It is true that one basis for the

---

[3] It is unclear whether a FLSA defendant should be allowed to compel arbitration after failing to carry their burden to exclude potential opt-in plaintiffs from receiving notice under *Bigger*. After all, the point of *Bigger* is to give FLSA defendants an express opportunity to weed out ineligible individuals on the front end. The parties do not substantively grapple with this question, however, so I do not resolve it here.

counterclaim was that the opt-in plaintiffs violated the provision of their lease agreements mandating arbitration of disputes. *See* Counterclaim, ECF 101 ¶¶ 6, 28 (asserting Campbell and opt-in plaintiffs breached provision of lease agreements requiring arbitration). But defendants chose to submit the issue of whether the opt-in plaintiffs had violated this provision to a federal court instead of an arbitrator. *See Grumhaus v. Comerica Secs., Inc.*, 223 F.3d 648, 653 (7th Cir. 2000) (party waived arbitration by submitting claims to federal court). Moreover, defendants raised several other bases for their counterclaim unrelated to arbitration, including that Campbell and the opt-in plaintiffs breached provisions: requiring them to maintain daily records of tips, Counterclaim ¶ 26; permitting Gold Club to impose requirements on their use of the premises, *id.* ¶ 27; agreeing not to be classified as employees, *id.* ¶ 30; among others. Defendants also requested a settlement conference in this case.[4]

"[W]hen a party chooses to proceed in a judicial forum, there is a rebuttable presumption that the party has waived its right to arbitrate." *Kawasaki*, 660 F.3d at 995 (citing *Cabinetree*, 50 F.3d

---

[4] Defendants have since participated in that settlement conference. While that participation postdates the filing of their motion to compel arbitration, defendants could have declined to engage in settlement discussions pending a ruling on their motion to compel. Indeed, I stayed a ruling on their motion to compel in light of the settlement discussions. Defendants' acquiescence to that decision is inconsistent with vigorously pursuing their right to arbitrate.

at 390). By filing counterclaims against the opt-in dancers, as well as seeking a settlement conference in this forum, defendants triggered that presumption. Defendants presumably hoped to have the counterclaims against the opt-in plaintiffs resolved in this forum and, by requesting a settlement conference, presumably sought resolution of the opt-ins' claims here, too. While the presumption may be rebutted in "abnormal" cases, *Cabinetree*, 50 F.3d at 391, this is not one of them. Here there is no "concern about a statute of limitations or doubts about whether [the party's] claims [are] arbitrable," nor has the litigation taken "unexpected turns" that make it obvious the party should be relieved from waiver. *Grumhaus*, 223 F.3d at 653.

Since the opt-in plaintiffs joined the case, defendants cannot be said to have "do[ne] all [they] could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration." *Cabinetree*, 50 F.3d at 391. Instead, they responded to discovery requests, conducted substantial discovery of their own (including by deposing some opt-in plaintiffs), filed a counterclaim against the opt-in plaintiffs, and requested a settlement conference before a federal magistrate judge. They therefore waived their right to arbitrate against the opt-in plaintiffs, so their motion is denied.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: September 25, 2024